UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| PolyOne Corporation, | ) | Case No. 1:14-cv-00078-CAB |
| | ) | |
| Plaintiff, | ) | Judge Christopher A. Boyko |
| | ) | |
| vs. | ) | |
| | ) | |
| Teknor Apex Company, | ) | |
| | ) | |
| Defendant. | ) | |

**Joint Report of Parties' Planning Meeting Under Fed. R. Civ. 26(f)**

1. Pursuant to Fed. R. Civ. P. 26(f) and Local Rule 16.3(b), a meeting was held on March 10, 2014, and was attended by:

David B. Cupar and Matthew J. Cavanagh, counsel for PolyOne Corporation.

Michael Ungar, John Bennett, and Robert Fine, counsel for Teknor Apex Company.

2. The parties:

____ have exchanged the pre-discovery disclosures required by Rule 26(a)(1) and the Court's prior order;

__X__ disagree about the timing of exchange of initial disclosures.

PolyOne proposes an exchange by <u>March 31, 2014</u>.

Teknor Apex objects in that initial disclosures are not appropriate in this action unless and until the Court denies the pending motion to dismiss (ECF # 11), in which case Teknor Apex proposes an exchange <u>within 21 days of a denial of the motion</u>.

{4778104:}

____ have not been required to make initial disclosures.

3. The parties recommend the following track:

___ Expedited    _X_ Standard    ___ Complex

___ Administrative    ___ Mass Tort

4. Pursuant to Local Rule 5.1(c) all documents must be electronically filed absent a showing of good cause.

5. This case is suitable for one or more of the following Alternative Dispute Resolution (ADR) mechanisms:

_____ Early Neutral Evaluation    _____ Mediation    _____ Arbitration.

_x_ Case **is not** suitable for ADR at this time but may be after discovery.

_____ Case **is not** suitable for ADR at any time.

6. The parties ___ do/ _x_ do not consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

7. Recommended Discovery Plan:

(a) Describe the subjects on which discovery is to be sought and the nature and extent of discovery.

PolyOne proposes that the parties may conduct written discovery on all matters relating to liability and damages, as well as take depositions and expert discovery.

Teknor Apex proposes that discovery not commence unless and until the Court denies Teknor Apex's pending motion to dismiss the action in its entirety, after which the parties may conduct discovery concerning PolyOne's surviving

<u>claims for relief and the defenses to those claims, including the defenses raised in Teknor Apex's answer to the complaint—which, under Fed. R. Civ. P. 12(a)(4), Teknor Apex would file and serve within 14 days after notice of the Court's action denying the motion</u>.

  (b) Non-Expert discovery cut-off date:

  PolyOne proposes: <u>November 21, 2014</u>.

  Teknor Apex proposes: <u>6 months after denial of its motion to dismiss</u>.

  (c) Expert reports due date:

  PolyOne proposes: <u>November 21, 2014</u>.

  Teknor Apex proposes: <u>8 months after denial of its motion to dismiss</u>.

  (d) Rebuttal expert reports due date:

  PolyOne proposes: <u>December 19, 2014</u>.

  Teknor Apex proposes: <u>10 months after denial of its motion to dismiss</u>.

  (e) Expert discovery cut-off date:

  PolyOne proposes: <u>January 30, 2015</u>.

  Teknor Apex proposes: <u>11 months after denial of its motion to dismiss</u>.

8. Recommended cut-off date for amending the pleadings and/or adding additional parties:

  PolyOne proposes: <u>June 6, 2014</u>.

  Teknor Apex proposes: <u>such motions shall be filed no later than 3 months after denial of its motion to dismiss</u>.

9. Recommended dispositive motion date:

PolyOne proposes: February 27, 2015.

Teknor Apex proposes: 12 months after denial of its motion to dismiss.

10. Recommended date for a Status Hearing/Settlement Conference: June 7, 2014.

11. Other matters for the attention of the Court:

> The parties have agreed to comply with Appendix K of the Northern District of Ohio Local Rules, but disagree about the timing of disclosures under Appendix K. PolyOne proposes an exchange of e-discovery disclosures by April 18, 2014. Teknor Apex proposes an exchange two months after a denial of its motion to dismiss.

Dated:  March 25, 2014

| | |
|---|---|
| s/ Matthew J. Cavanagh<br>David B. Cupar (OH 0071622)<br>Richard D. Summers (OH 0070261)<br>David T. Movius (OH 0070132)<br>Matthew J. Cavanagh (OH 0079522)<br>MCDONALD HOPKINS LLC<br>600 Superior Avenue, East, Ste. 2100<br>Cleveland, Ohio 44114<br>t 216.348.5400 │ f 216.348.5474<br>dcupar@mcdonaldhopkins.com<br>rsummers@mcdonaldhopkins.com<br>dmovius@mcdonaldhopkins.com<br>mcavanagh@mcdonaldhopkins.com<br><br>*Counsel for PolyOne Corporation* | s/ Michael N. Ungar<br>Michael N. Ungar (#0016989)<br>ULMER & BERNE LLP<br>1660 West 2nd Street, Suite 1100<br>Cleveland, Ohio 44113-1448<br>Telephone: (216) 583-7002<br>Facsimile:  (216) 583-7003<br>Email:     mungar@ulmer.com<br><br>John F. Bennett (#0074506)<br>ULMER & BERNE LLP<br>600 Vine Street, Suite 2800<br>Cincinnati, Ohio 45202-2409<br>Telephone: (513) 698-5152<br>Facsimile:  (513) 698-5153<br>Email:     jbennett@ulmer.com<br><br>Robert D. Fine (*pro hac vice*)<br>CHACE RUTTENBERG &<br>    FREEDMAN, LLP<br>One Park Row, Suite 300<br>Providence, Rhode Island 02903<br>Telephone: (401) 453-6400, Ext. 115<br>Facsimile:  (401) 453-6411<br>Email:     rfine@crfllp.com<br><br>*Counsel for Defendant*<br>*Teknor Apex Company* |

<u>Certificate of Service</u>

I hereby certify that on March 25, 2014, I served a copy of the foregoing by email to:

Michael N. Ungar
Ulmer & Berne LLP
1660 West 2nd Street, Suite 1100
Cleveland, Ohio 44113
mungar@ulmer.com

*Counsel for Teknor Apex Company*

<u>s/ Matthew J. Cavanagh</u>
*Counsel for*
*PolyOne Corporation*